Mr. Chief Justice Sharkey
delivered the opinion of the court.
To an indictment for having exhibited a faro-bank, the accused filed three pleas in abatement, two of which go to the competency of the grand jury who found the indictment, and the other is a plea of misnomer.
The first plea is that six of the grand jurors were not legally qualified to serve, inasmuch as they had not been drawn by the clerk and sheriff in either of the modes prescribed by law, from a list of freeholders and householders, returned by the assessor, nor had they been summoned as persons liable to serve on juries by virtue of a special writ of venire facias, nor were they summoned as tales jurors, nor had the regularly summoned jurors failed to attend, nor had the panel been exhausted, nor were they summoned from the bystanders. The plea is full and specific in stating that these grand jurors were not summoned and impanelled in any mode prescribed by law. The district attorney took issue.
The second plea to the competency of the grand jury, is in substance, that the six persons named in the first plea, were substitutes who were received by the court to serve in place of so many of the jury summoned under the venire, and who were there in attendance on the court, and who had procured the six persons to serve in their places. To this plea there was a demurrer which was sustained.
*607 On the trial of the issue taken on the first plea, certain evidence wap offered and ruled out, to which the accused excepted, but the court refused to sign the bill of exceptions, and it was signed by two attorneys of the court. The sufficiency of the bill of exceptions, as a preliminary question, is denied, but it seems to have been signed in strict accordance with the statute; it states that the judge refused to sign it, and also that the persons who did sign it, were practising attorneys of the court, and present at the trial. The question then arises, was the evidence properly ruled out. The defendant offered to read the original venire facias, returnable to the April term, 1845, together with the sheriff’s return. If this evidence was relevant, it was surely competent. It was the process of the court, and competent to- prove any fact stated on its face, if such fact was in issue. The defendant pleaded that six of the grand jurors who found the indictment were not competent, not having been drawn and summoned according to law. On this plea issue had been taken. If the names of the objectionable persons did not appear in the venire, the first point in the plea was established. This made it manifest that they had not been summoned under the original venire facias, and after establishing that fact, if by other proof it could be shown that they had not been summoned according to either of the other modes provided by law to supply a deficiency caused by the non-attendance of a sufficient number of the original panel, the defence was made out. . The process was not inadmissible because it contradicted the caption of the record, which had been read by the district attorney. The caption after reciting the term of the court, proceeds in these words ; “ a grand jury of inquest for the body of this county, was drawn and impanelled from the regular venire, viz., Joseph N. Craddick, &c.” beginning the list with the name of one of the persons named in the plea as having been irregularly impanelled. No such name is found in the process, which was the foundation of the record, and no record copld be true which did not follow it. One or the other was untrue, and as the process was referred to as furnishing the names of the persons mentioned in the recital or caption, it *608 must control, and prove that the caption was untrue. By the plea it is said that the indictment was found by men who were not a part of the original, panel, and the venire was conclusive proof on this subject, and ought to have been received.
The defendant next offered to prove by Henry Green, who was deputy sheriff, and the court officer, that when he called the list of jurors regularly summoned, a sufficient number answered to their names, and were present in court, to constitute a grand jury, and that the six persons mentioned in the plea, were, by the order of the judge, substituted for six of the regular panel, who were then in attendance, and who had brought in their substitutes and tendered them, whereupon the court received the substitutes and discharged the original jurymen; and the witness was instructed to insert the names of the substitutes on the panel. The regular jurors, who had employed the substitutes, were also offered to prove the fact of substitution ; but this testimony was all excluded. It furnishes the key to the discrepancy between the caption of the record, and the venire facias, and shows, beyond doubt the truth of the matter pleaded. We can see no reason whatever for its exclusion. True, it contradicts a recital in the record, but better evidence had been offered, to wit, the venire facias, to prove that the recital in the record was not true. The fact of its untruth being established, it was competent to show how the variance had occurred. An alteration had been made in the panel, and from the panel so altered the record was made up. “ It cannot be doubted,” says Chief Justice Parker, “ that anything produced as a record may be shown to be forged or altered ; if it were not so, great mischief might arise. A record is conclusive evidence, but what is or is not a record, is matter of evidence, and may be proved like other facts; otherwise there would be no remedy.” Brier v. Woodbury, 1 Pick. Rep. 362. We are not called on to say, whether parol evidence in a case like this, may be introduced to falsify the record. The proof in this instance tended only to account for a discrepancy between different parts of'the record. The recital would have been shown to be untrue by the venire. A question of power *609 tvas raised, and the proof showed a want of power in the court. The evidence was pertinent to the issue, which was not an immaterial one. We have already decided that the incompetency of the grand jurors is a matter which may be pleaded in abatement; and we conclude that this evidence ought to have been admitted, as if true it defeated the indictment. McQuillen v. The State, ante, 587.
It is agreed that there was another plea in abatement, which averred the substitution of the grand jurors in the manner above stated, to which a demurrer was sustained. This brings up fairly the legality of the course pursued in taking substitutes for part of the regular panel. In the case above' referred to, it was decided that the law must be followed in forming the grand jury, and that an indictment found by an incompetent grand jury may be quashed on plea. We will only add that there is no law which authorizes the court to take substitutes for any portion of the regular panel. If it can for one, it can for the whole. It is useless to comment on the consequences which might result; the eifect would be to break down the provisions of the law. In the case of Davis v. The Commonwealth, a report of which was cited in Commonwealth v. Parker, 2 Pick. Rep. 550, it was discovered, after a verdict of guilty against the prisoner, that one Locke, who served on the grand jury had not been chosen a grand juror, but that the name of one Burr, who had been chosen, had been erased from the return of the venire, and Locke’s name inserted in its place. The court of common pleas arrested the judgment, and this decision seems to have met the approbation of the supreme court. This case is in point, and if it be right to arrest the judgment, surely it cannot admit of question whether such matter is pleadable in abatement. The demurrer to this plea should have been overruled, and the judgment would then have been that the prosecution should abate. Stephen on Pleading, 107. And as we are to give the judgment which the court below should have given, that must be our judgment.